UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:14-cr-268-Orl-28KRS

**LARRY AUGUST LEE, JR**

### ORDER

Defendant Larry August Lee, Jr.'s Motion for Compassionate Release (Doc. 66) is before the Court for consideration. Lee exhausted his administrative remedies and timely filed his motion. (Doc. 66-1 at 8). The Government filed a response opposing the requested relief. (Doc. 69). Because Lee has not established the existence of "extraordinary and compelling reasons" for compassionate release, his motion is due to be denied.

Lee pled guilty to attempted possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, (Doc. 38), and was sentenced on July 15, 2015, to 120 months imprisonment to be followed by four years of supervised release, (Docs. 54; 55). Lee, a forty-nine-year-old male at the time of his motion, is projected to be released on July 8, 2022. (Docs. 66 at 1, 3; 69 at 2).

In his current motion, Lee requests compassionate release under 18 U.S.C. § 3582(c). However, Defendant cannot demonstrate "extraordinary and compelling reasons" warranting release. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* Even when an extraordinary and compelling reason exists, however, this court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(2). And this court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

The COVID-19 pandemic does not fall into any of the above categories. The categories are serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Gileno*, 448 F. Supp. 3d 183, 188 (D. Conn. 2020) (denying compassionate release because BOP's proposed plan adequately addressed the COVID-19 pandemic).

"[I]t is a rare case in which health conditions present an 'exceptional reason.'" *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (considering pre-sentencing detention). Lee asserts that he suffers from hypertension and pre-diabetes, and that these ailments make him more vulnerable to becoming seriously ill should he contract COVID-19. (Doc. 66 at 1). His BOP records indicate that he takes medication for hypertension but do not reflect pre-diabetes. (Doc. 66-1).

The CDC advises that hypertension might increase one's risks of suffering severe

2

illness from Covid-19.[1] However, the condition is not extraordinary. "According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition." *United States v. Hayes,* No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at * 2 (July 2, 2020, M. D. Fla.). "Assuming federal prisoners experience [this] condition[ ] at about the same rate as the general population," if [it] qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." *Id.* Further, Lee has not contracted Covid-19, (Doc. 66 at 1), and no inmates at FCI Butner Medium I are currently positive for the virus, (Doc. 69).

Defendant has not identified a medical condition that falls within one of the categories specified in the Sentencing Commission's policy statement's application note. He does not have a terminal illness and he is able to provide self-care. Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *Dillon v. United States,* 560 U.S. 817, 821 (2010).

Further, this Court should only reduce a term of imprisonment if it determines that Lee is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. After considering the section 3553(a) factors and Defendant's criminal history, the Court determines that Defendant is a danger to the public and the section 3553(a) factors do not weigh in favor of release.

When sentenced, Lee had a total offense level of thirty-one, a criminal history category VI, and career offender status. (Docs. 49; 55). Like the offense for which he is

---

[1] https://www.cdc.gov.

3

currently imprisoned, at least two of Lee's prior offenses involved the sale or possession of cocaine. (Doc. 55). Lee's prison medical records reflect that he has substance abuse disorders, (Doc. 66-1 at 2), and while incarcerated, Lee twice was disciplined in 2018 for possessing alcohol or intoxicants. (Doc. 69-1).

While the Court is sympathetic to the plight of those in prison during this pandemic, it cannot unreservedly release the prison population. Each individual is unique and must present extraordinary and compelling circumstances for this Court to allow a sentence reduction. The mere possibility of becoming infected with Covid-19 applies to the entire prison population, and the Court finds no added compelling and extraordinary circumstances to grant a sentence reduction in Lee's case.

Accordingly, having considered the above and the relevant factors of 18 U.S.C. § 3553(a), Lee's Motion for Compassionate Release (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Larry August Lee, Jr